**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZIYAUL HAQUE, | No. 12-70318 |
| Petitioner, | Agency No. A089-302-869 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Ziyaul Haque, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

The agency concluded Haque was not credible for a number of reasons, including the lack of detail in his testimony regarding the Bharatiya Janata Party and the All India Muslim Unity Front, and Haque's inability to explain his simultaneous membership in these two groups. Substantial evidence supports the agency's adverse credibility determination. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Haque's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Haque's contention that the IJ unreasonably rejected his explanations. In the absence of credible testimony, Haque's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Haque's CAT claim also fails because it is based on the same statements found not credible, and Haque points to no other evidence to compel the finding that it is more likely than not he would be tortured by or with the consent

or acquiescence of the Indian government.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**